## No. 6131.

### CITY OF NEW ORLEANS vs. ST. PATRICK'S HALL ASSOCIATION.

The evidence shows that the property taxed is not *used* for church, school, or charitable purposes; therefore the Legislature could not, under the constitution, exempt it from taxation.

The defendants urge that the rents or revenues of the property are appropriated to charitable uses by the association, which is a charitable association. But these facts do not bring the property within the classes of property which the constitution authorizes the General Assembly to exempt from taxation.

The property which is occupied for the execution of the charitable purposes of the institution may be exempted, but other property belonging to the association, which is rented as stores, ball-rooms, or theatres, can not be exempted.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins*, J. *Samuel P. Blanc*, Assistant City Attorney, for plaintiff and appellant. *T. Gilmore & Sons*, for defendant and appellee.

LUDELING, C. J. This is a suit to recover the taxes for 1875 assessed on the building known as St. Patrick's Hall, in New Orleans.

The defense is that the property of said association is exempted from taxes by an act of the General Assembly passed in 1874 ; and that by an ordinance of the city of New Orleans the property is exempted from taxation.

The plaintiff alleges that both the act of the General Assembly and the ordinance of the city relied upon by defendant are unconstitutional and void.

The evidence shows that the property taxed is not *used* for church, school, or charitable purposes, therefore the Legislature could not exempt it from taxation. Article 118. The defendants urge that the rents or revenues of the property are appropriated to charitable uses by the association, which is a charitable association. But these facts do not; bring the property within the classes of property which the constitution authorizes the General Assembly to exempt from taxation. The constitution declares: "Taxation shall be equal and·uniform throughout the State. All property shall be taxed in proportion to its value, to be ascertained as directed by law. The General Assembly shall have power to exempt from taxation *property* ACTUALLY USED *for church, school, or charitable purposes.*" The property which is occupied for the execution of the charitable purposes of the institution may be exempted, but other property belonging to the association which is rented as stores, ballrooms, or theatres can not be exempted. See City of New Orleans vs. the New Orleans Mechanics' Society, and the City of New Orleans vs. the Congregation of the Dispersed of Judah. 15 An. 390.

It is therefore ordered that the judgment of the lower court be reversed, and that there be judgment in favor of the plaintiff against the defendant for $1125, with interest and costs according to law.

Rehearing refused.